**United States District Court**
**District of Massachusetts**

```
_____
                           )
Alexander Hallums,         )
                           )
          Petitioner,      )
                           )
     v.                    )
                           )     Civil Action No.
Matthew Divris,            )     16-11921-NMG
                           )
          Respondent.      )
                           )
                           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the <u>pro</u> <u>se</u> petition of Alexander Hallums ("Hallums" or "petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is currently in state custody at North Central Correctional Institution ("NCCI") in Gardner, Massachusetts, having been convicted of and sentenced for aggravated rape and larceny.

I.  <u>Background</u>

The facts and procedural history of this case are provided in detail in the Report and Recommendation ("R&R") submitted by United States Magistrate Judge Marianne B. Bowler with which the Court assumes familiarity.  In brief, in February, 2014, a state-court jury found petitioner guilty of aggravated rape and

larceny.  One month later, he was sentenced to "not less than nine years and not more than ten years in Massachusetts prison."

Soon thereafter, petitioner appealed his conviction on the ground that the prosecutor's closing argument was unduly prejudicial, although petitioner had not objected to it at the time.  In March, 2016, the Massachusetts Appeals Court ("the MAC") affirmed petitioner's conviction because "the defendant did not object to the closing argument" at trial and none of the allegations of prosecutorial misconduct "create[d] a substantial risk of a miscarriage of justice".  See Commonwealth v. Hallums, 46 N.E.3d 599 (Mass. App. Ct. 2016).

In September, 2016, Hallums filed the pending petition for a writ of habeas corpus, challenging his conviction on the same grounds as those raised in his appeal to the MAC.  Respondent Matthew Divris ("Divris" or "respondent") opposes the petition because the MAC previously resolved the same claims on an independent and adequate state law ground, namely, that petitioner failed to comply with the Massachusetts contemporaneous objection rule.[1]

The petition was referred to Magistrate Judge Bowler and, on February 22, 2021, she entered an R&R recommending that this

---

[1] Although the petition for writ of habeas corpus names Collette Gogeon as the respondent and the individual having custody of petitioner, because the superintendent of NCCI is Matthew Divris, he has been substituted as respondent in this action.

- 2 -

Court dismiss the petition.  She concluded that federal habeas
review was barred based on the decision of the MAC.
Specifically, the magistrate judge concluded, as to two of the
alleged categories of prosecutorial error, that the MAC
conducted a merits-based review under a standard that is
functionally equivalent to the federal standard and that its
analysis was neither contrary to nor an unreasonable application
of that clearly established Supreme Court doctrine.  With
respect to the third and final category of alleged misconduct,
the magistrate judge determined that the MAC had rejected
petitioner's claim for his failure to comply with the
Massachusetts contemporaneous objection rule, an independent and
adequate state-law ground.

The respondent has filed a timely objection to the R&R on
the limited ground that the magistrate judge incorrectly
concluded that the MAC had reached the merits on two of the
allegations of prosecutorial misconduct but otherwise agrees
with the recommendation.  Respondent submits that the MAC,
instead, rested its decision entirely on the contemporaneous
objection rule.  Petitioner has neither replied to respondent's
objection nor filed an objection of his own.

## II.  Discussion

### A. Legal Standard

When a district judge refers a dispositive motion to a magistrate judge for recommended disposition, it must determine de novo any part of the recommendation as to which an objection has been properly registered. Fed. R. Civ. P. 72(b)(3).

A habeas petition shall not be granted as to any claim adjudicated on the merits in state court unless it resulted in a decision that was

> contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1).  Nor shall the petition be granted as to any claim rejected by a state court on an independent and adequate state law ground. See Walker v. Martin, 562 U.S. 307, 315 (2011).  The First Circuit Court of Appeals has held repeatedly that

> the Massachusetts requirement for contemporaneous objections is an independent and adequate state procedural ground, firmly established in the state's jurisprudence and regularly followed in its courts.

Janosky v. St. Amand, 594 F.3d 39, 44 (1st Cir. 2010).

Massachusetts appellate courts use a multi-step process to determine whether the contemporaneous objection rule precludes the appeal of a criminal defendant's conviction. See Rivera v. Bergeron, 755 F. Supp. 2d 326, 328 (D. Mass. 2010).  First, the

appellate court analyzes whether the defendant, in fact, waived his appeal by failing to object to the alleged error at trial. Id.  Second, if there was no contemporaneous objection, the appellate court conducts a limited review of the defaulted claim to determine only whether the alleged error caused "a substantial likelihood of a miscarriage of justice".[2] Id.  Such limited review of the merits "does not work as a waiver of the contemporaneous objection requirement" as the reason for affirming a conviction. Lynch v. Ficco, 438 F.3d 35, 45 (1st Cir. 2006) (citation omitted); see also Tart v. Com. of Mass., 949 F.2d 490 (1st Cir. 1991) ("We will not infer waiver of a contemporaneous objection rule unless the state appellate court has made it reasonably clear that its reasons for affirming a conviction rest upon its view of federal law" (internal quotation marks and citation omitted)).

Having carefully considered the relevant MAC decision, the R&R and respondent's objection thereto, this Court agrees with respondent.  The MAC rejected all of petitioner's claims on the independent and adequate state ground that they were procedurally defaulted by Hallums' failure to object

---

[2] To determine whether an unpreserved claim gives rise to a substantial risk of a miscarriage of justice, the reviewing court will ask 1) Was there error? 2) Was it prejudicial? 3) Did it materially influence the verdict? and 4) Does it appear that counsel's failure to object was a tactical decision? Commonwealth v. Randolph, 780 N.E.2d 58, 67 (Mass. 2002).

contemporaneously to the prosecutor's closing argument. See
Rivera, 755 F. Supp. 2d at 329.  Indeed, the MAC expressly
stated that

> [a]t trial the defendant did not object to closing
> argument; therefore we review to determine whether, if
> there was error, it created a substantial risk of a
> miscarriage of justice.

Hallums, 46 N.E.3d 599.  That inquiry is precisely analogous to
the process typically used by Massachusetts appellate courts
considering whether the contemporaneous objection rule applies.
See Rivera, 755 F. Supp. At 329 ("This method of analyzing
criminal appeals based on claims defaulted at trial is not
uncommon in Massachusetts appellate courts.").

Because the subsequent review by the MAC of the merits of
petitioner's defaulted claims was limited to whether the
prosecutor's closing argument created a substantial likelihood
of a miscarriage of justice, it did not constitute a waiver of
the contemporaneous objection requirement.  Accordingly, this
Court will necessarily reject the R&R only to the extent it
concludes that the MAC reached the merits of petitioner's
claims.  Otherwise, this Court agrees with the R&R and will
accept and adopt its ultimate recommendation to dismiss the
pending petition for habeas corpus.

**ORDER**

For the foregoing reasons, respondent's objection to the R&R (Docket No. 25) is **SUSTAINED** but the R&R (Docket No. 24) is otherwise **ACCEPTED** and **ADOPTED**.  Petitioner's habeas petition (Docket No. 1) is hereby **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 25, 2021